## Hood Motor Sales Company v. Allison et al.

*Sheriff—Sheriff's surety—Suit on sheriff's bond—Affidavit of defence—Extension of time for filing affidavit of defence—Breach of condition of bond.*

1. Where a plaintiff in a suit on the official bond of a sheriff averred that the sheriff had collected on execution certain moneys due the plaintiff and had failed to pay them over, a breach of the bond is sufficiently pleaded and the surety must file an affidavit of defence to prevent judgment.

2. In such case, an extension of time for filing an affidavit of defence to enable the surety to have the sheriff's accounts audited, the moneys in his accounts paid into court and a distribution made from those funds will not be granted.

Petition and rule for extension of time for filing an affidavit of defence. C. P. Delaware Co., Dec. T., 1925, No. 1867.

*Geary & Rankin*, for plaintiff.

*Hannum, Hunter & Hannum*, for defendants.

FRONEFIELD, P. J., Jan. 7, 1927.—The Hood Motor Sales Company brings this suit against the administrators of the estate of Thomas W. Allison, Sheriff of Delaware County, and against the United States Fidelity and Guaranty Company, his surety as sheriff, to recover $203.70, which amount the plaintiff declares was collected by Thomas W. Allison, as sheriff, on two executions issued by the Hood Motor Sales Company and not paid to the plaintiff.

The bond signed by the two defendants is drawn for $60,000, and is conditioned "that the said Thomas W. Allison, as sheriff, should, without delay

VOL. 9—22

Hood Motor Sales Company v. Allison et al.

and according to law, well and truly serve and execute all writs and process of the Commonwealth of Pennsylvania to him directed, and should from time to time, upon request to him for that purpose made, well and truly pay, or cause to be paid, to the several suitors and parties interested in the execution of such writs or process . . . all and every sum or sums of money to them respectively belonging which should come into the hands of the said Thomas W. Allison, and should from time to time and at all times during his continuance in said office of sheriff well and faithfully execute and perform all and every of the trusts and duties of the office appertaining. . . ."

The surety, prior to the expiration of the time for filing an affidavit of defence, presented its petition to the court, setting forth that it is surety for Thomas W. Allison, sheriff, and that the statement of claim in the above case was served on the said surety with a rule to file an affidavit of defence; that, in order to file an affidavit of defence, it is necessary to get some information from the books and records of the late sheriff, which books and records it is unable to obtain; that no audit has been made of the said books, which audit the surety desires to make; that there are other writs which were in the hands of the said sheriff at the time of his decease; that the said sheriff had moneys in his possession as sheriff which had not been distributed; that there were certain moneys due the said sheriff in his official business; that there is on deposit in one bank to his credit as sheriff the sum of $21,819.72, and in another bank the sum of $1026.28, which have not been distributed; that this money will be ruled into court, if possible, and an auditor will be appointed to ascertain the sums due to and by the said sheriff; that all claimants will be notified of the hearings and have an opportunity to present their claims; that the amount will be sufficient to meet all claims, including those of the plaintiff, and that the plaintiff will not be prejudiced in any way by a stay of proceedings; that if it proves that there are insufficient funds to pay all claimants, the plaintiff may then proceed with this suit, and that if this suit is pressed against the plaintiff, it will result in grave injury to the surety in having a judgment entered against it with needless costs, and praying for a rule to show cause why all proceedings should not be stayed until the accounts of Thomas W. Allison, sheriff, be audited and the fund in hand distributed by the court, whereupon, in March, 1926, a rule was granted on the plaintiff to show cause why all proceedings should not be stayed until the accounts of the sheriff are audited and the funds paid into court and distributed, to which rule the plaintiff answered, admitting that the United States Fidelity and Guaranty Company is surety for the late sheriff, and that the Hood Motor Sales Company filed and served its statement of claim on the defendant with a rule to file an affidavit of defence, and states that nothing in the petition justifies the court in staying the proceedings.

From the allegations contained in the statement of claim, it is perfectly plain, if they were proven, that the condition of the bond has been broken, which creates an immediate liability upon the principal and surety. The argument of the rule has been delayed for about eight months, and it is not right to further deprive the plaintiff of its money, if it is due and payable, and there is no good reason alleged in the petition why further time should be allowed the surety to file its affidavit of defence, nor why the proceedings in this suit should be stayed until the sheriff's accounts are audited and the money on hand distributed.

The rule is discharged. The defendant has fifteen days within which to file its affidavit of defence.

From William R. Toal, Media, Pa.